## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06- 101- UNA |
| | : | |
| JAMES A. BALL, III, a/k/a ART BALL, | : |  |
| Defendant. | : | |

### INDICTMENT

The federal grand jury for the District of Delaware charges that:

### COUNTS ONE THROUGH FORTY

*Introduction*

1.      At all times relevant to this Indictment, James A. Ball, III, the defendant, worked as a sales agent for Automated Systems America Inc. (hereinafter referred to as "ASAI"). ASAI was in the business of providing and servicing automated teller machines (hereinafter "ATMs") and of processing ATM transactions.

2.      At all times relevant to this Indictment, APAD Inc., doing business as United Check Cashing (hereinafter referred to as "United Check Cashing"), was a check cashing business with branches in Lansdowne, Pennsylvania and Wilmington, Delaware. On or about December 18, 2001, United Check Cashing entered into an agreement to have an ATM at its branch in Wilmington, Delaware serviced by ASAI. The defendant, James A. Ball, III, was the sales agent for ASAI for this ATM account.

3.      The service agreement provided that United Check Cashing would keep the ATM filled with currency and that ASAI would reimburse United Check Cashing, via wire transfers, for the currency that was dispensed. The agreement also provided that customers who used the United Check Cashing ATM would pay a surcharge fee of $1.75 per transaction and that United Check Cashing would receive $1.70 as its portion of each fee. ASAI, through its processor, would wire transfer United Check Cashing's portion of the surcharge fees to United Check

FILED

SEP - 5 2006

Cashing's bank account. United Check Cashing directed ASAI to wire transfer the reimbursements and its portion of the fees to United Check Cashing's account at Sovereign Bank.

4.      On or about October 1, 2002, United Check Cashing requested that ASAI wire transfer the reimbursements and its portion of the fees to a different account, one that United Check Cashing held at Commonwealth Bank. ASAI complied with the request.

5.      On or about February 20, 2003, United Check Cashing notified ASAI that it was moving its account to First Union Bank and stated that, from March 3, 2003, on, all monies due to it should be wire transferred to the new account. The request was not processed, and, ASAI, through its processor, continued to wire transfer the monies due to United Check Cashing to United Check Cashing's account at Commonwealth Bank. However, because United Check Cashing had closed the account, Commonwealth Bank sent the wire transfers back to ASAI's processor, and the processor placed the returned funds in a holding account and notified ASAI of the problem.

*The Fraudulent Scheme*

6.      In or around March 2003, a representative of ASAI contacted the defendant, James A. Ball, III, a/k/a Art Ball, as its sales agent for United Check Cashing, and notified him that the funds due to United Check Cashing could not be deposited into United Check Cashing's account. The representative asked the defendant to contact United Check Cashing about the problem.

7.      On or about March 20, 2003, the defendant, James A. Ball, III, a/k/a Art Ball, sent a document to ASAI directing that all monies due to United Check Cashing be transmitted to an account held by the defendant in the name Cash Plus Inc. at WSFS Bank in Wilmington, Delaware. The defendant explained to a representative of ASAI that he would correct the banking problem and remit the monies to United Check Cashing.

8.      ASAI, through its processor, began wire transferring the monies due to United

Check Cashing into the defendant's WSFS Bank account. In this way, between on or about March 21, 2003, and on or about April 13, 2004, the defendant, James A. Ball, III, a/k/a Art Ball, diverted more than $90,000 in ATM reimbursements and surcharge fees owed to United Check Cashing into his WSFS Bank account.

9.      The defendant, James A. Ball, III, a/k/a Art Ball, did not remit any of the wire-transferred funds back to United Check Cashing. Instead, the defendant used the funds for his personal benefit. For example, between on or about May 2, 2003, and on or about April 14, 2004, the defendant wrote twenty-four checks totaling $39,150 from the WSFS account to himself and/or to one of his companies, Cash Plus Financial, and then deposited the checks into a business account he held in the name Cash Plus Financial Inc. at Citizens Bank in Pennsylvania. The defendant then wrote checks to himself to remove the money from the Citizens account.

10.     In or around April 2004, the defendant, James A. Ball, III, a/k/a Art Ball, contacted ASAI and directed that the ATM reimbursements and surcharge fee payments owed to United Check Cashing now be deposited into the defendant's personal account at Citizens Bank in Pennsylvania. In this way, from in or around May 2004, through on or about March 17, 2005, the defendant, James A. Ball, III, a/k/a Art Ball, diverted in excess of $55,000 in ATM reimbursements and surcharge fees owed to United Check Cashing into his Citizen's Bank account. Once again, the defendant did not remit any of this additional money to United Check Cashing.

*Charging Paragraph*

11.     From in or around March 2003, through in or around at least April 2004, in the State and District of Delaware, having devised and intending to devise the scheme and artifice to defraud as described in paragraphs one through ten above, incorporated herein by reference, and for the purpose of executing such scheme and artifice, the defendant, James A. Ball, III, a/k/a Art Ball, did knowingly cause ASAI's processor to transmit signals by wire in interstate commerce, i.e., the defendant directed ASAI, through its processor in Texas, to make the following wire

transfers of funds due to United Check Cashing into the defendant's account at WSFS Bank in Delaware on or about the following dates, which correspond to the following counts of the Indictment:

| COUNT | DATE | AMOUNT OF WIRE TRANSFER |
|---|---|---|
| ONE | 3/21/03 | $260 |
| TWO | 3/26/03 | $580 |
| THREE | 4/4/03 | $740 |
| FOUR | 4/15/03 | $480 |
| FIVE | 4/28/03 | $800 |
| SIX | 5/2/03 | $775.30 |
| SEVEN | 5/16/03 | $945.10 |
| EIGHT | 5/31/03 | $626.80 |
| NINE | 6/4/03 | $731.90 |
| TEN | 6/13/03 | $950.20 |
| ELEVEN | 6/30/03 | $803.40 |
| TWELVE | 7/4/03 | $620 |
| THIRTEEN | 7/18/03 | $540 |
| FOURTEEN | 7/31/03 | $520 |
| FIFTEEN | 8/8/03 | $520 |
| SIXTEEN | 8/19/03 | $540 |
| SEVENTEEN | 8/28/03 | $600 |
| EIGHTEEN | 9/6/03 | $740 |
| NINETEEN | 9/12/03 | $1,020 |
| TWENTY | 9/24/03 | $1,280 |
| TWENTY-ONE | 10/3/03 | $420 |
| TWENTY-TWO | 10/16/03 | $840 |

| | | |
|---|---|---|
| **TWENTY-THREE** | 10/31/03 | $720 |
| **TWENTY-FOUR** | 11/1/03 | $940 |
| **TWENTY-FIVE** | 11/14/03 | $300 |
| **TWENTY-SIX** | 11/28/03 | $540 |
| **TWENTY-SEVEN** | 12/2/03 | $640 |
| **TWENTY-EIGHT** | 12/13/03 | $960 |
| **TWENTY-NINE** | 12/24/03 | $380 |
| **THIRTY** | 1/2/04 | $580 |
| **THIRTY-ONE** | 1/13/04 | $600 |
| **THIRTY-TWO** | 1/24/04 | $920 |
| **THIRTY-THREE** | 2/3/04 | $640 |
| **THIRTY-FOUR** | 2/13/04 | $980 |
| **THIRTY-FIVE** | 2/26/04 | $620 |
| **THIRTY-SIX** | 3/5/04 | $520 |
| **THIRTY-SEVEN** | 3/12/04 | $1,040 |
| **THIRTY-EIGHT** | 3/27/04 | $240 |
| **THIRTY-NINE** | 4/5/04 | $660 |
| **FORTY** | 4/10/04 | $700 |

Each in violation of 18 U.S.C. § 1343.

## COUNTS FORTY-ONE THROUGH SIXTY-FOUR

12.     From in or around May 2003, through in or around April 2004, in the District of Delaware, the defendant, James A. Ball, III, a/k/a Art Ball, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, as described in paragraphs one through ten above, incorporated herein by reference, after diverting monies owed to United Check Cashing into a business account he held at WSFS Bank in Delaware, the defendant wrote twenty-four checks totaling $39,150 to himself and/or to a

business he owned and then deposited the checks into a personal account he held at Citizens Bank in Pennsylvania, which checks involved the proceeds of a specified unlawful activity, that is wire fraud in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, he knew that the property involved in the financial transactions, that is monetary instruments in the amounts set forth below which correspond to the following counts of the Indictment, represented the proceeds of some form of unlawful activity:

| COUNT | CHECK NO. | CHECK DATE | PAYEE | AMOUNT |
|---|---|---|---|---|
| FORTY-ONE | 1345 | 5/2/03 | James Ball | $2,400 |
| FORTY-TWO | 1350 | 6/14/03 | Cash Plus Financial Inc. | $2,000 |
| FORTY-THREE | 1360 | 7/20/03 | James Ball | $900 |
| FORTY-FOUR | 1361 | 7/23/03 | James A. Ball III | $700 |
| FORTY-FIVE | 1366 | 8/3/03 | Cash Plus Financial Inc. | $500 |
| FORTY-SIX | 1369 | 8/25/03 | Cash Plus Financial Inc. | $1,100 |
| FORTY-SEVEN | 1370 | 8/28/03 | Cash Plus Financial Inc. | $500 |
| FORTY-EIGHT | 1379 | 11/6/03 | Cash Plus Financial Inc. | $6,000 |
| FORTY-NINE | 1380 | 11/10/03 | Cash Plus Financial Inc. | $3,000 |
| FIFTY | 1381 | 11/18/03 | Cash Plus Financial Inc. | $1,500 |
| FIFTY-ONE | 1385 | 12/5/03 | Cash Plus Financial Inc. | $3,500 |
| FIFTY-TWO | 1387 | 12/18/03 | James Ball | $1,000 |
| FIFTY-THREE | 1388 | 12/22/03 | Cash Plus Financial Inc. | $1,500 |
| FIFTY-FOUR | 1389 | 12/23/03 | Cash Plus Financial Inc. | $500 |
| FIFTY-FIVE | 1390 | 1/13/04 | Cash Plus Financial Inc. | $1,500 |
| FIFTY-SIX | 1394 | 1/24/04 | Cash Plus Financial Inc. | $1,100 |

| | | | | |
|---|---|---|---|---|
| **FIFTY-SEVEN** | 1395 | 1/27/04 | Cash Plus Financial Inc. | $3,000 |
| **FIFTY-EIGHT** | 1396 | 2/4/04 | Cash Plus Financial Inc. | $800 |
| **FIFTY-NINE** | 1397 | 2/10/04 | Cash Plus Financial Inc. | $1,800 |
| **SIXTY** | 1399 | 2/17/04 | Cash Plus Financial Inc. | $1,000 |
| **SIXTY-ONE** | 1401 | 2/23/04 | Cash Plus Financial Inc. | $1,000 |
| **SIXTY-TWO** | 1404 | 3/8/04 | Cash Plus Financial Inc. | $1,000 |
| **SIXTY-THREE** | 1405 | 3/22/04 | Cash Plus | $1,000 |
| **SIXTY-FOUR** | 1411 | 4/14/04 | Cash Plus Financial Inc. | $1,850 |

Each in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). *and 2 - BMS /.A.T.*

## NOTICE OF FORFEITURE

Upon conviction of the offenses alleged in Counts One through Forty of this Indictment, the defendant, James A. Ball, III, a/k/a Art Ball, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to:

(a)   **Money Judgment** - a sum of money equal to $152,409.50 in United States currency, representing the amount of proceeds obtained as a result of the offense, to wit, a violation of 18 U.S.C. § 1343, wire fraud.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above, i.e. $152,409.50, including but not limited to the following: all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 4115 Nantucket Drive, Mechanicsburg, PA, all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 512 Hogestown Road, Mechanicsburg, PA, and all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as 413 Third Street, New Cumberland, PA.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: September 5, 2006

8