

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                                           (302) 573-6277
1007 N. Orange Street, Suite 700                           FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

April 16, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Judge
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    **United States v. James Art Ball, a/k/a Art Ball**
            **Criminal Action No. 06-101**

Dear Judge Farnan:

    The Court previously scheduled either trial or a change of plea hearing for April 23, 2007 at 9:30 a.m. The defendant has decided to enter a guilty plea to both a portion of the Indictment and to a one count Information. Therefore, the parties respectfully request that the April 23rd date be used for the Rule 11 hearing. A copy of the proposed Memorandum of Plea Agreement, the proposed Information, and a Waiver of Indictment form are attached for the Court's review.

                                          Respectfully submitted,

                                          COLM F. CONNOLLY
                                          United States Attorney

                           BY: _____
                                   Beth Moskow-Schnoll
                                   Assistant United States Attorney

cc: Christopher Koyste, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-101-JJF |
| | : Criminal Action No. 07- |
| JAMES A. BALL, III, a/k/a ART BALL, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, James A. Ball, III, a/k/a Art Ball, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant, James A. Ball, III, a/k/a Art Ball, agrees to plead guilty to Count 1 of the Indictment which charges the defendant with wire fraud in violation of 18 U.S.C. § 1343 and which has the following maximum penalties: 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2.  The defendant, James A. Ball, III, a/k/a Art Ball, agrees to waive indictment and plead guilty to a one count information charging him with causing a financial institution to file a false currency transaction report in violation of 31 U.S.C. § 5324(a)(2). The maximum penalties for this offense are 5 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 1 of the Indictment, wire fraud in violation of 18 U.S.C. § 1343: (a) the defendant knowingly devised a scheme or artifice to defraud; (b) the defendant did so with the intent to defraud; and (c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal or sound of some kind by means of a wire in interstate commerce. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 1 of the Information, causing a financial institution to file a false currency transaction report in violation of 31 U.S.C. § 5324(a)(2): (a) the defendant did knowingly and willfully; (b) and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations promulgated thereunder; (c) cause a domestic financial institution to file a currency transaction report containing a misstatement of fact.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation

2

of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The defendant hereby agrees and stipulates to pay restitution to the victim of the offense of conviction in the amount of $152,409.50. The parties agree that as of April 11, 2007, the victim of the defendant's offense of conviction has received payments totaling $51,550.68.

6. The defendant agrees to pay any and all special assessments at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's conduct to date.

8. At the time of sentencing, the United States agrees to move to dismiss Counts 2 through 64 of the Indictment returned against the defendant on September 5, 2006.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant

3

may not withdraw his guilty plea on that basis.

10. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

11. The defendant agrees to forfeit all interests in any fraud related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that constitutes the proceeds of his offenses and/or is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses. Such substitute property includes, but is not limited to the following:

a. a money judgment in the amount of $152,409.50;

b. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 4115 Nantucket Drive, Mechanicsburg, PA;

c. all that lot or parcel of land, together with its buildings, appurtenances,

improvements, fixtures, attachments and easements, located at 512 Hogestown Road, Mechanicsburg, PA; and

   d. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as 413 Third Street, New Cumberland, PA.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

   12. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Memorandum of Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as substitute assets for property otherwise subject to forfeiture.

   13. The United States agrees that it will not forfeit assets totaling more than $152,409.50. The United States Attorney's Office agrees to recommend to the U.S. Attorney

5

General, through the Asset Forfeiture Money Laundering Section of the U.S. Department of Justice, that any forfeited funds be used to pay restitution. The defendant understands that, pursuant to 21 U.S.C. § 853(i)(1), the decision of whether the forfeited funds will be applied in this manner is committed to the discretion of the U.S. Attorney General.

14. The United States agrees that, should the defendant pay full restitution in the amount of $152,409.50 by the date of sentencing, it will not pursue the forfeiture sought by the Indictment in this case and agreed to by the defendant in this Memorandum of Plea Agreement.

15. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
James A. Ball, III
Defendant

BY:_____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Christopher Koyste
Attorney for Defendant

Dated: 4-12-2007

6

AND NOW, this ___ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07- |
| JAMES A. BALL, III, a/k/a ART BALL, | : |
| Defendant. | : |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

## COUNT ONE

On or about February 4, 2005, in the Middle District of Pennsylvania, the defendant, James A. Ball, III, a/k/a Art Ball, did knowingly and willfully and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, cause a domestic financial institution as defined in 31 CFR § 103.11, to wit: Citizens Bank, to file a currency transaction report as required by 31 U.S.C. § 5313 containing a misstatement of fact. All in violation of Title 31, United States Code, Section 5324(a)(2).

COLM F. CONNOLLY
United States Attorney

By: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: April ___, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07- |
| JAMES A. BALL, III, a/k/a ART BALL, | : |
| Defendant. | : |

## WAIVER OF INDICTMENT

1. James A. Ball, III, the above named defendant, who is accused of violating 31 U.S.C. § 5324(a)(2), causing a financial institution to file a false currency transaction report, being advised of the nature of the charges and of his rights, hereby knowingly, voluntarily and intelligently waives prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment.

2. The defendant understands that (a) unless he waives Indictment, he could not be charged with these offenses unless the Grand Jury found probable cause to believe he committed the offenses and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those grand jurors must find probable cause to believe that the defendant committed these offenses before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with his counsel the charges in the Information, and is satisfied that his counsel has properly explained the charges and this waiver to him.

4. No one has made the defendant any promises or threatened or forced the defendant to waive Indictment.

_____
James A. Ball, III
Defendant


_____
Christopher Koyste, Esquire
Attorney for Defendant

Dated: