*Filed in open court* 23rd day of April, 2007.
*dlc*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-101-JJF |
| | : ~~Criminal Action No. 07-~~ |
| JAMES A. BALL, III, a/k/a ART BALL, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, James A. Ball, III, a/k/a Art Ball, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, James A. Ball, III, a/k/a Art Ball, agrees to plead guilty to Count 1 of the Indictment which charges the defendant with wire fraud in violation of 18 U.S.C. § 1343 and which has the following maximum penalties: 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant, James A. Ball, III, a/k/a Art Ball, agrees to waive indictment and plead guilty to a one count information charging him with causing a financial institution to file a false currency transaction report in violation of 31 U.S.C. § 5324(a)(2). The maximum penalties for this offense are 5 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

FILED
APR 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 1 of the Indictment, wire fraud in violation of 18 U.S.C. § 1343: (a) the defendant knowingly devised a scheme or artifice to defraud; (b) the defendant did so with the intent to defraud; and (c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal or sound of some kind by means of a wire in interstate commerce. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 1of the Information, causing a financial institution to file a false currency transaction report in violation of 31 U.S.C. § 5324(a)(2): (a) the defendant did knowingly and willfully; (b) and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) and the regulations promulgated thereunder; (c) cause a domestic financial institution to file a currency transaction report containing a misstatement of fact.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation

of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. The defendant hereby agrees and stipulates to pay restitution to the victim of the offense of conviction in the amount of $152,409.50. The parties agree that as of April 11, 2007, the victim of the defendant's offense of conviction has received payments totaling $51,550.68.

6. The defendant agrees to pay any and all special assessments at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's conduct to date.

8. At the time of sentencing, the United States agrees to move to dismiss Counts 2 through 64 of the Indictment returned against the defendant on September 5, 2006.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant

may not withdraw his guilty plea on that basis.

10. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

11. The defendant agrees to forfeit all interests in any fraud related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that constitutes the proceeds of his offenses and/or is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses. Such substitute property includes, but is not limited to the following:

   a. a money judgment in the amount of $152,409.50;

   b. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 4115 Nantucket Drive, Mechanicsburg, PA;

   c. all that lot or parcel of land, together with its buildings, appurtenances,

4

improvements, fixtures, attachments and easements, located at 512 Hogestown Road, Mechanicsburg, PA; and

   d. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as 413 Third Street, New Cumberland, PA.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

   12. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Memorandum of Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as substitute assets for property otherwise subject to forfeiture.

   13. The United States agrees that it will not forfeit assets totaling more than $152,409.50. The United States Attorney's Office agrees to recommend to the U.S. Attorney

General, through the Asset Forfeiture Money Laundering Section of the U.S. Department of Justice, that any forfeited funds be used to pay restitution. The defendant understands that, pursuant to 21 U.S.C. § 853(i)(1), the decision of whether the forfeited funds will be applied in this manner is committed to the discretion of the U.S. Attorney General.

14. The United States agrees that, should the defendant pay full restitution in the amount of $152,409.50 by the date of sentencing, it will not pursue the forfeiture sought by the Indictment in this case and agreed to by the defendant in this Memorandum of Plea Agreement.

15. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
James A. Ball, III
Defendant

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Christopher Koyste
Attorney for Defendant

Dated: 4-12-2007

AND NOW, this 23 day of April, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted)(rejected) by this Court.

                                                     _____
                                                    HONORABLE JOSEPH J. FARNAN, JR.
                                                    United States District Court Judge